JOHN J. SARSFIELD (SBN 138971)
MARGUERITE MELO (SBN 167782)
LAW OFFICES OF MELO AND SARSFIELD LLP
4216 S. Mooney Blvd PMB 136
Visalia, CA 93277
Telephone: 559 732 3000
Fax: 559 732 3005
E-mail: meloandsarsfield@icloud.com

Attorneys for Plaintiffs Christina Cabrera and Josiah Cabrera

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina Cabrera, individually and as personal representative for Josiah Cabrera, a young child, and Josiah Cabrera,<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | COMPLAINT FOR DAMAGES<br><br>1) 28 U.S.C. § 1346 (Negligence-Physical Injury)<br>2) 28 U.S.C. § 1346 (Negligence-Emotional Distress)<br><br>[FILED CONCURRENTLY WITH REQUEST FOR APPOINTMENT OF PERSONAL REPRESENTATIVE FOR JOSIAH CABRERA, A YOUNG CHILD] |

## JURISDICTION AND VENUE

1. This action arises under 28 U.S.C. § 1346 et seq..

2. The exclusive jurisdiction of this court is invoked under the provisions of 28 U.S.C. Sections 1331.

3. Venue is in this district because it is where the events complained of occurred.

1

Complaint for Damages

## COMMON FACTS

4. Plaintiffs are informed and believe and thereon alleges that at all times relevant to and mentioned herein, Valley Health Care Network and its employees are and were deemed federal employees with resultant coverage under the Federal Tort Claims Act (FTCA), and were acting within the course and scope of their duties, pursuant to 42 U.S.C. § 233(g)-(n).

5. Plaintiff Christina Cabrera was at all times relevant to this matter a resident of the Eastern District of California and the County of Tulare. She is the mother and requested personal representative of Josiah Cabrera, a minor.

6. Plaintiff Josiah Cabrera was at all times relevant to this matter a resident of the Eastern District of California and the County of Tulare. He is the minor child of his mother, Christina Cabrera. He was at all times relevant herein a patient at Valley Health Care Network, located in Woodlake, California.

7. Defendant is the United States of America. Defendant operates or funds a variety of health care programs, including the Valley Health Care Network, located in Woodlake, California (County of Tulare).

8. On or about May 6, 2014, Josiah Cabrera, a young child, was a patient at Family Health Care Network in Woodlake, California. He was taken there by his mother, Christina Cabrera for a medical examination.

9. At approximately 10:45 AM that date, Josiah Cabrera was in the care of the clinic medical staff member, believed to be named "Rose" for a medical examination. The clinic staff member assigned to attend to Josiah Cabrera failed to properly secure him while he was on an examination table. As a result, Josiah Cabrera fell off the examination table. The resulting

Complaint for Damages

impact with the floor broke Josiah Cabrera's arm, which caused the need for surgery to correct the injury.

10. Christina Cabrera was present in the examination room when her child fell from the table and broke his arm. Her having to witness the grievous, albeit negligent, injury to her young child caused her shock, surprise, and severe emotional distress.

11. Following the incident, medical staff members at Family Health Care Network in Woodlake told Christina Cabrera to transport Josiah Cabrera in her personal vehicle, with a broken arm, to a hospital located in Visalia, approximately 10 miles away. While driving, Christina Cabrera was re-directed to Children's Hospital Central California, located in Madera, California, more than an hour drive away.

12. Josiah Cabrera underwent corrective surgery and medical treatment for his arm at Children's Hospital Central California, and it appears that it has healed properly.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiffs and each of them submitted Administrative Tort Claims to the Department of Health & Human Services. A final denial of those claims was issued on July 5, 2016. (See Exhibit A).

## FIRST CAUSE OF ACTION
### (By Josiah Cabrera, Only)
### (28 U.S.C.§ 1346 et seq (Negligence-Physical Injury)

14. Plaintiffs re-allege and incorporates the above Paragraphs as though fully set forth herein.

15. Defendant had physical custody and control of Josiah Cabrera during the examination on the examination table.

16. Defendant had a duty of care to safeguard and protect Josiah Cabreara while he was in its custody and control, and on the examination table.

17. Defendant failed to safeguard and protect Josiah Cabrera by allowing him fall off the examination table and hit the floor.

18. As a result of Defendant's failure to safeguard and protect Josiah Cabrera, he was injured as described in the above paragraphs.

19. Defendant's negligence in allowing Josiah Cabrera to fall off the table was a substantial factor in causing the harm to Plaintiff, as described in the above paragraphs.

## SECOND CAUSE OF ACTION
### (By Christina Cabrera, Only)
### (28 U.S.C.§ 1346 et seq (Negligence-Emotional Distress)

20. Plaintiffs re-allege and incorporates the above Paragraphs as though fully set forth herein.

21. By reason of the conduct of Defendant as alleged above, said Defendant, through their conduct as in the above Paragraphs through its negligence, breached its duty of due care to Plaintiff Christina Cabrera.

22. Defendant's above-described conduct constituted a breach of Defendant's duty to Plaintiff Christina Cabrera to insure that Defendant, and its employees/agents and each of them, did not cause unnecessary or unjustified emotional harm to Plaintiff Christina Cabrera. It was reasonably foreseeable that a breach of that duty by Defendant, and its agents/employees would cause emotional distress to Plaintiff.

4

**Complaint for Damages**

WHEREFORE, Plaintiffs prays judgment against Defendant as follows:

On account of the First Cause of Action (Josiah Cabrera, Only):

23. Compensatory, General and Special damages according to proof on each cause of action for which such damages are available, and in the amount of $250,000.00

24. For costs of suit incurred herein

25. For such other and further relief the Court deems just and proper.

On account of the Second Cause of Action (Christina Cabrera, Only):

26. Compensatory, General and Special damages according to proof on each cause of action for which such damages are available, and in the amount of $75,000.00

27. For costs of suit incurred herein

28. For such other and further relief the Court deems just and proper.

Dated: 1/4/2017

LAW OFFICES OF MELO AND SARSFIELD LLP
Attorneys for Plaintiffs Christina Cabrera, individually, and as requested personal representative of Josiah Cabrera

By: *Marguerite Melo* (signature)
Marguerite Melo, Esq.

**Complaint for Damages**

# EXHIBIT A



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2369
Fax: (202) 691-2035

Date:   JUL 5 2016

**U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED**
(Article Number: 7010 0290 0000 9529 0956)

John Sarsfield, Esquire
Melo and Sarsfield, LLP
4216 South Mooney Boulevard
PMB 136
Visalia, CA 93277

Re: **Administrative Tort Claim of Christian Cabrera, Individually, and as Personal Representative of Josiah Cabrera (Minor) - Claim Nos. 2015-0058-0059**

Dear Mr. Sarsfield:

The above-captioned administrative tort claims were presented to the Department of Health and Human Services under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, on November 12, 2014.  The claims were denied on May 27, 2015.  On July 1, 2015, this office received a request for reconsideration of the denial.

We have completed our review and have found no basis to change the original determination. Your request for reconsideration is, therefore, denied.

This letter constitutes the notice of final determination on the above-captioned claim, as required by 28 U.S.C. § 2401(b).  If you are dissatisfied with this determination, you are entitled to file suit in federal district court within six months of the date of this determination.

Sincerely yours,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch