# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CABRERA, et al., | Case No. 1:17-cv-00019-LJO-SAB |
| Plaintiffs, | ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT GUARDIAN AD LITEM |
| v. | |
| UNITED STATES OF AMERICA, | (ECF No. 2) |
| Defendants. | TEN DAY DEADLINE |

On January 4, 2017, Plaintiffs Christina Cabrera and her minor son, Josiah Cabrera, filed a complaint against the United States of America. (ECF No. 1.) Along with the complaint, Christina Cabrera filed a motion to be appointed guardian ad litem for the minor. (ECF No. 2.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143

F.Supp.3d 1042, 9 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward.  Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."  Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict.  Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child.  Id., at *2.

In this instance, Plaintiff's attorney has submitted a declaration stating that Christina Cabrera is Josiah Cabrera's mother and is his primary caregiver.  (Decl. of J. Sarsfiled, ECF No. 2-1.)  However, Ms. Cabrera is bringing her own independent claims in this action.  (Id.)  According to the allegations in the complaint, the minor fell off the examination table in the doctor's office and broke his arm while Ms. Cabrera was present.  (Compl. at ¶ 10, ECF No. 1.)  This at least raises a question of whether Ms. Cabrera may have a conflict of interest with the minor based upon her position as a witness and potential defenses to liability which could be raised by the defendants in this action.  The Court finds that the instant motion is insufficient for the Court to find that Christina Cabrera is an appropriate guardian ad litem for the minor.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for appointment of a guardian ad litem is DENIED without prejudice. Any further petition must contain a declaration from the proposed guardian demonstrating that the individual is truly dedicated to the best interests of the minor and address whether there is a conflict of interest in this action between the minor and the proposed guardian ad litem; and

/ / /

/ / /

2. The minor shall file a petition for appointment of a guardian ad litem within ten (10) days from the date of docketing of this order.

IT IS SO ORDERED.

Dated: **January 9, 2017**

UNITED STATES MAGISTRATE JUDGE

3