# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CABRERA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Case No. 1:17-cv-00019-SAB<br><br>ORDER GRANTING PLAINTIFF JOSIAH CABRERA'S PETITION FOR MINOR'S COMPROMISE AND GRANTING PERMISSION TO FILE DOCUMENTS UNDER SEAL AND VACATING JUNE 20, 2018 HEARING<br><br>(ECF No. 31) |

Currently before the Court is a petition for minor's compromise by Plaintiff Josiah Cabrera ("Plaintiff"), by and through his guardian ad litem Patricia Quezada. (ECF No. 31.)

A hearing on the motion was set for June 20, 2018. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set for June 20, 2018, will be vacated and the parties will not be required to appear at that time.

**I.**

**BACKGROUND**

Around May 6, 2014, Plaintiff was taken by his mother to the Family Health Care Network in Woodlake, California where he was a patient. (Compl. ¶ 8, ECF No. 1.) The Family Health Care Network is a federally funded medical facility. (Compl. ¶¶ 4, 7.) Plaintiff was in the care of a medical staff member who did not properly secure him on the examination table. (Compl. ¶ 9.) Plaintiff fell off the examination table and broke his arm. (Compl. ¶ 9.) Plaintiff had to have corrective surgery for the fracture and it has healed properly. (Compl. ¶¶ 9, 12.)

| 1 | On January 4, 2017, Christina Cabrera and Josiah Cabrera filed this action along with a |
| 2 | motion for appointment of Christina Cabrera as guardian ad litem for the minor. (ECF Nos. 1, |
| 3 | 2.) On January 10, 2017, Christina Cabrera's motion for appointment as guardian ad litem was |
| 4 | denied without prejudice. (ECF No. 5.) On January 19, 2017, a motion was filed to appoint |
| 5 | Patricia McGrew as guardian ad litem for the minor. (ECF No. 6.) After receiving supplemental |
| 6 | briefing, the motion was granted and Patricia McGrew was appointed as guardian ad litem for |
| 7 | Josiah Cabrera on February 3, 2017. (ECF Nos. 8, 9.) |

On March 8, 2017, Christina Cabrera and Plaintiff consented to the jurisdiction of the magistrate judge. (ECF No. 12.) Defendant filed an answer on April 25, 2017. (ECF no. 13.) On October 18, 2017, the parties filed a stipulation to dismiss Christina Cabrera's claims in this action. (ECF No. 22.) A stipulation was filed that complied with Rule 41 of the Federal Rules of Civil Procedure on November 2, 2017. (ECF No. 24.) On November 3, 2017, the stipulation was granted; and Christina Cabrera is no longer a plaintiff in this action. (ECF No. 25.) On January 23, 2018, Defendant consented to the jurisdiction of the magistrate judge and this action was reassigned to the undersigned for all purposes. (ECF Nos. 26, 27.)

On April 11, 2018, the parties filed a notice of settlement. (ECF No. 29.) On May 16, 2018, a petition for minor's compromise was filed. (ECF No. 31.) On June 5, 2018, Defendant filed a statement of non-opposition to the petition for minor's compromise. (ECF No. 32.)

## II.

## LEGAL STANDARD

Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise....

Local Rule 202(b)(2).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.' " Robidoux, 638 F.3d at 1182. The Ninth Circuit has directed that "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id. However, in Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### III.

### DISCUSSION

The petition for minor's compromise sets forth the required information. Plaintiff is 5 years of age. (Decl. of John Sarsfield ("Sarsfield Decl.") 18,[1] ECF No. 31.) The minor's claims are based on the injury he suffered when he was 15 months of age and fell off an examination table during a medical exam at the Family Health Care Network in Woodlake, California. (Petition of Minor Josiah Cabrera for Approval of Settlement 1-2, ECF No. 31.) The injuries sustained by Plaintiff was a broken arm from which he fully recovered. (Report of Dr. Jon Oda, ECF No. 31 at 5-6.) He was covered by Medi-Cal at the time and suffered no out of pocket medical expenses, although there is a Medi-Cal lien which has been negotiated down to $1,379.97. (Department of Health Care Services Letter, ECF No. 31 at 8-9.)

Plaintiff and Defendant have agreed to a dismissal with prejudice of Plaintiff's claims in

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

1 | exchange for the sum of $2,000.00. (Stipulation for Compromise Settlement and Release of
2 | Federal Tort Claims ¶ 2, ECF No. 31 at 11-15.)

In evaluating the settlement, Plaintiff's counsel considered the relatively low Medi-Cal lien, comparable cases via Findlaw, and took into account that Plaintiff's mother, who was the sole eyewitness other than the employee involved, has a background that would subject her to serious questions regarding her credibility. (Sarsfield Decl. 18, ECF No. 31.) Finally, counsel considered that given the minor's age at the time, fifteen months, it is likely that he will have no recollection of the incident. (Id.)

Plaintiff is represented by John Sarsfield in this matter. (Sarsfield Decl. 17, ECF No. 31.) Although the plaintiffs originally entered into a contingency agreement with counsel, representation is now pro bono and counsel is paying the various costs associated with bringing this action, and to date has donated approximately $1,500.00 in costs associated with pursuing the administrative claim and lawsuit. (Id. at 18.) Counsel will be taking no fees or reimbursement for this action. (Id.) No relationship, economic, social or otherwise, exists between counsel and the minor or his mother. (Id.) Similarly, the guardian ad litem is not charging a fee for her services and has no relationship with the minor or his mother. (Id. at 19.) The guardian ad litem is in agreement with the settlement. (Id.)

Having considered the unopposed petition, the Court finds that the settlement agreement is fair and reasonable in light of the credibility issues that exist with Plaintiff's witness and the fact that Plaintiff did not sustain any permanent injury from the fall. Further, the guardian ad litem agrees with the settlement.

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing set for June 20, 2018, is VACATED and the parties need not appear at that time;

2. Plaintiff Josiah Cabrera's petition for minor's compromise (ECF No. 31) is GRANTED and the settlement is APPROVED;

3. Counsel for minor is authorized to receive the funds on the minor's behalf and pay the State of California lien in this matter;

4. A federally insured blocked interest-bearing credit union[2] account shall be set up in which the remainder of the minor's funds shall be deposited. The account shall be set up in the name of the minor and with the birth date of the minor; and the blocked account shall indicate that it belongs to the minor. No withdrawals of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the minor attains the age of 18 years;

5. The minor's attorney shall deliver a copy of this order to the financial institution at the time of deposit;

6. Within forty-five (45) days of receipt of the settlement funds from Defendant, Plaintiff's counsel shall file under seal proof to the Court that the monies were deposited into a federally insured blocked account for the benefit of the minor;

7. Within sixty (60) days of the receipt of the settlement funds from Defendant, the parties shall file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or a joint status report explaining why a stipulated dismissal has not been filed; and

8. This order authorizes the filing under seal of documents identifying the federally insured blocked account into which the minor's funds are deposited.

IT IS SO ORDERED.

Dated:  **June 15, 2018**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Due to the small dollar amount that the minor is receiving, the fees charged by a bank will diminish the amount of the account. Accordingly, the minor's account shall be set up in a credit union that will not charge fees for the maintenance of the account.

5